UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD COURSER,

    Plaintiff,

v.                              Case No. 1:16-CV-1108

KEITH ALLARD, et al.,            HON. GORDON J. QUIST

    Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART
### PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF No. 111)

Plaintiff, Todd Courser, filed a 182-page, 1,073-paragraph, 22-count complaint against 26 Defendants alleging claims under federal and state law. Courser's behemoth of a pleading is probably subject to dismissal for failure to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that the statement of the claim be "short and plain," and Federal Rule of Civil Procedure 8(d)'s requirement that "[e]ach allegation . . . be simple, concise, and direct." *See Pickle v. Stine*, No. 6:07-19-DCR, 2007 WL 1173028, at *3 (E.D. Ky. Apr. 19, 2007) ("A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." (citing *Vakalis v. Shawmut Corp.*, 925 F.2d 34, 36 (1st Cir. 1991))). Nonetheless, by the Court's count, 20 Defendants have filed a total of six Rule 12(b)(6) motions to dismiss and nine Defendants filed a motion for Rule 11 sanctions.

Courser has filed a motion for an extension of time, in which he requests that the Court: (1) grant him a 60-day extension to file an amended complaint as of right; (2) grant him a 60-day extension to respond to the pending motions to dismiss and the motion for Rule 11 sanctions; and

(3) order that upon filing the amended complaint, the Rule 11 and Rule 12(b)(6) motions will be dismissed without prejudice as moot.  Courser states that he intends to amend to add two new defendants and remove some of the counts.  It also appears that Courser may intend to add allegations, based on a large amount of documents that he intends to review, apparently to address pleading deficiencies.  Defendants Allard and Benjamin, and Defendants Michigan State Police, Brewer, Britvec, Dwyre, and Schuette, have filed responses stating that they oppose some or all of the relief Courser requests.

The Court will not grant Courser's request to extend the time for him to amend his complaint as of right.  Defendants have, no doubt, incurred substantial time and expense parsing Courser's allegations to prepare their pending Rule 12(b)(6) motions.  Defendants are entitled to timely consideration of their arguments in order to determine whether they will be required to continue to defend Courser's allegations.  Moreover, based on its preliminary review of the motions, it appears that at least some of the deficiencies likely cannot be cured by amendment.  Nonetheless, the Court will grant Courser a thirty-day extension to respond to the pending motions.  If Courser seeks to amend, he must file a motion for leave and attach a copy of the proposed amended complaint. Courser must describe in detail the purpose of the amendment and, if allegations are added to cure pleading deficiencies noted in the pending Rule 12(b)(6) motions, explain why they cure such deficiencies.  Courser will have sixty days to file his motion for leave to amend.  Defendants will have the opportunity to respond to Courser's motion.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension to File Amended Complaint and Respond to Rule 11 and 12(b) Motions (ECF No. 111) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's request for an extension of time to file an amended complaint

as of right is **DENIED**. Plaintiff may file a motion for leave to file an amended complaint within **sixty (60) days** of the date of this Order, as set forth above. Plaintiff is **granted an additional thirty (30) days** to respond to the pending Rule 11 and Rule 12(b)(6) motions.


Dated: December 9, 2016                      /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                               UNITED STATES DISTRICT JUDGE