UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TODD COURSER,

      Plaintiff,

v.         Case No.  1:16-CV-1108

KEITH ALLARD, et al.,         HON. GORDON J. QUIST

      Defendants.
_____/

## ORDER REGARDING VOLUNTARY DISMISSAL

This Order concerns the effect of the amended complaint and the voluntary dismissal that Plaintiff filed ten minutes apart on December 12, 2016.

Pursuant to Federal Rule 15(a)(1), a party may amend its pleading once as a matter of course within 21 days after service or, if a responsive pleading is required, "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  When multiple defendants are sued, a plaintiff may file an amended pleading as of right as to those defendants who have not yet filed an answer or one of the identified Rule 12(b) motions, and as to those defendants *who have filed an answer or one of the identified Rule 12(b) motions* so long as the amended pleading is filed within 21 days after the answer or Rule 12(b) motion is served. *Villery v. Dist. of Columbia*, 277 F.R.D. 218, 219 (D.D.C. 2011).

Three answers were filed in this case: (1) Radisson Group, Inc. and Radisson Hotels on November 16, 2016 (ECF No. 71); (2) Joseph Gamrat on November 18, 2016 (ECF No. 72); and (3) David Horr on November 21, 2016 (ECF No. 79).  Six motions to dismiss were filed: (1) Chad Livengood and the Detroit News, Inc. on November 18, 2016 (ECF No. 73); (2) Non-legislative State Defendants (Schuette, et al.) on November 21, 2016 (ECF No. 80); (3) Vincent Krell on

November 21, 2016 (ECF No. 83); (4) Keith Allard and Benjamin Graham on November 21, 2016 (ECF No. 85); (5) Norm Saari on November 23, 2016 (ECF No. 97); and (6) the Michigan House Defendants on November 23, 2016 (ECF No. 100).  The December 12, 2016 amendment was effective as to the answer and motions filed on and after November 21, 2016, without the addition of three days under Rule 6(d).  In addition, because three days are added to the 21 days under Rule 6(d), *see Bentley Indus., Inc. v. Longevity Network, LLC*, No. 2:120cv01067, 2013 WL 6858904, at *1–2 (D. Nev. Dec. 30, 2013); *Alliance Solutions, Inc. v. Quest Software, Inc.*, No. ELH-11-2115, 2012 WL 692883, at *7 (D. Md. Mar. 1, 2012), the amendment was effective as to the November 16 and 18 answers and motion to dismiss (because the third day fell on a Saturday for the November 16 answer, the period was extended to Monday December 12 pursuant to rule 6(a)(1)(C)).[1] Although Rule 6(d) was amended as of December 1, 2016 to eliminate the additional three days for electronic service, the Court concludes that it is appropriate to apply the additional three days to all service made prior to December 1, 2016.

The amended complaint dropped the Radisson Defendants and Defendants Gamrat and Horr—the only Defendants who answered the original complaint.  As for the remaining Defendants, the amended complaint mooted their pending motions to dismiss.  Plaintiff's voluntary dismissal pursuant to Rule 41(a)(1)(A)(I) was a proper voluntary dismissal as to all of the remaining Defendants, except Defendant Krell, because none of them had filed "an answer or a motion for summary judgment."  Defendant Krell filed a motion to dismiss, or in the alternative, for summary judgment.  Defendant Krell supported his motion for summary judgment with an affidavit stating that he was not involved in any way in the conduct alleged in the complaint.  (ECF No. 84-1.)

---

[1] In its December 9, 2016 Order, the Court did not address when the 21-day period for Courser to amend as of right expired.  Instead, the Court said that it would not extend such period.

Courser's notice of voluntary dismissal is thus not effective as to Defendant Krell. Instead, Courser's notice must be deemed a motion by Courser for dismissal of Defendant Krell under Rule 41(a)(2), which provides, in part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In his response to Courser's notice of voluntary dismissal, Defendant Krell requests that, for terms the Court considers proper, the Court either require Courser and his counsel to pay Defendant Krell's attorney's fees or dismiss the action with prejudice as to Defendant Krell. Given that Defendant Krell has provided an affidavit stating that he was not involved at all in the events alleged in the complaint, the Court concludes that it is appropriate that the dismissal of Defendant Krell be with prejudice.

Finally, Plaintiff's voluntary dismissal did not moot the House Defendants' pending motion for sanctions (ECF No. 92). *See Bose v. Jews*, No. WDQ-09-3400, 2010 WL 2427435, at *1 (D. Md. June 11, 2010).

Therefore,

**IT IS HEREBY ORDERED** that the Clerk shall close this case pursuant to Plaintiff's voluntary dismissal (ECF No. 123). The House Defendants' motion for Rule 11 sanctions (ECF No. 92) remains pending. The time for Plaintiff to respond to the sanctions motion is addressed in the Court's December 9, 2016 Order (ECF No. 119).

**IT IS FURTHER ORDERED** that Plaintiff's request for dismissal as to Defendant Krell is **GRANTED**, and Plaintiff's claims against Defendant Krell are **DISMISSED WITH PREJUDICE**.


Dated:  December 19, 2016                             /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE