UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD COURSER,

    Plaintiff,

v.                                                  Case No.  1:16-CV-1108

KEITH ALLARD, et al.,                 HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER DENYING HOUSE DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

On September 8, 2016, Plaintiff, Todd Courser, is a former Michigan State Representative who resigned his office in the midst of allegations of misconduct emanating from an extramarital affair with another former Michigan State Representative. Courser later filed a voluminous complaint (180 pages, 1001 paragraphs, including demands for relief) against the Michigan House of Representatives and numerous individuals and entities, alleging a multitude of claims. Some Defendants filed answers, some filed motions to dismiss and/or for summary judgment, and others did not appear. Defendants Michigan House of Representatives, Kevin M. Cotter, Tim L. Bowlin, Brock Swartzle, Edward McBroom, Andrea LaFontaine, Rob VerHeulen, Hassan Beydoun, and Kurt Heise (the House Defendants), filed a motion to dismiss, as well as a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. On December 12, 2016, Courser filed a first amended complaint, as well as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF Nos. 121, 123.)

On December 19, 2016, this Court entered an Order Regarding Voluntary Dismissal, in which it analyzed the effect of the first amended complaint. (ECF No. 127.) The Court noted that

the first amended complaint dropped some Defendants, and concluded that the voluntary dismissal mooted the pending motions to dismiss and dismissed all claims against the remaining Defendants without prejudice, except for one Defendant who had filed a motion for summary judgment, as to whom the Court concluded dismissal was with prejudice.  The Court also noted that Courser's voluntary dismissal did not moot the House Defendants' motion for sanctions.

Rule 11(b) bars an attorney or an unrepresented party from presenting to the court a pleading or other paper: (1) "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) that is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (3) that contains "factual contentions [or denials lacking] evidentiary support" or "will not likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b)(1)–(4).  Upon finding that Rule 11 has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).

Rule 11 sanctions are intended to deter parties from abusing the legal process. *Meritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (citing *Heron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1998)).  In the Sixth Circuit, the test for determining whether a party has violated Rule 11 is whether the individual's conduct was reasonable under the circumstances. *See Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). The standard is an objective one. *See Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989). "Thus, an attorney's good faith is not a defense." *Id.*  The attorney's conduct is to be judged at the time the pleading or paper was signed rather than on the basis of hindsight. *See INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987).

Having reviewed the parties' briefs and exhibits, the original complaint, and pertinent legal authority, and considering the circumstances of the case, the Court is not persuaded that Courser and his counsel violated Rule 11 or, if a violation occurred, that an award of sanctions is appropriate. First, the Court is not convinced that the circumstances warrant sanctions. It appears that after receiving the House Defendants' November 1, 2016, Rule 11 Notice, Courser's counsel informed the House Defendants' counsel that he was preparing an amended complaint to file as of right pursuant to Rule 15 and would address the concerns raised in the House Defendants' Rule 11 Notice through the amended complaint, which he planned to file after receipt of other Defendants' answers and/or Rule 12(b)(6) motions. (ECF No. 134-1 at PageID.4651.) In the Court's judgment, it was reasonable for Courser's counsel not to withdraw the complaint within the 21-day safe harbor period, *see* Fed. R. Civ. P. 11(c)(2), because he was waiting for all Defendants to respond before filing his one permitted amendment as of right to address the House Defendants' concerns and any deficiencies that other Defendants might raise in motions to dismiss.

Second, and more importantly, the Court is not convinced that Courser's claims that the House Defendants discuss in their motion lacked the requisite factual or legal support (or at least arguable legal support) required by Rule 11(b)(2) and (3). Without addressing every claim, the Court will cite a few examples. First, regarding Courser's due process claim, the House Defendants argue that Courser's claim was baseless because Courser resigned and, therefore, cannot show that he was deprived of a liberty or property interest. This argument fails to acknowledge that Courser alleged that he was constructively expelled from his office by the House Defendants' violations of his due process rights. (ECF No. 1 at PageID.10, 11, 27.) Whether such a claim would have ultimately succeeded may never be known, but nothing indicates that it lacked a factual basis or that Courser's counsel unreasonably asserted it in the face of existing case law. Second, regarding the

Fourth Amendment claim—in particular, the seizure of Courser's House-issued computer—the House Defendants argue that Courser had no standing to assert a Fourth Amendment claim because he lacked a legitimate expectation of privacy in the computer. The House Defendants based this argument on language in the House Equipment and Loan Form and Policies, which states that members and staff have no expectation of privacy in electronic mail or instant messaging transmissions. (ECF No. 93-11.) However, Courser's claim was not based solely on the House-issued computer, but on all electronic devices seized from his office. (ECF No. 1 at PageID.84, 124.) Moreover, as Courser notes, the form the House Defendants submitted in support of their Rule 11 motion was not signed by Courser. Third, as for Courser's claim that M.C.L. § 750.505 is unconstitutionally vague, the cases the House Defendants cite do not necessarily render Courser's claim frivolous. Courser's claim was that the statute was vague as applied to him because violation of a House Rule was not an indictable offense at common law. Courser alleged that the statute was vague because no House member had ever been criminally charged with misconduct in office based on violation of a House rule. (*Id.* at PageID.132.) Finally, regarding the promissory estoppel claim, the House Defendants do not argue that Courser failed to allege the elements of such a claim. Rather, they argue that the email Beydoun sent to Courser's counsel two days before Courser testified before the Select Committee shows that Courser knew that Beydoun could not promise that Courser would only be censured. (ECF No. 93-12.) However, Courser presented evidence that his counsel had discussions with Beydoun about a censure before Courser testified before the Select Committee, providing at least some factual basis for his claim that he would not have made statements before the committee without a promise of only a censure. (ECF No. 134-20 at PageID.4850–51.)

To make it clear, the Court is not concluding that any claim asserted by Courser would ultimately have been found to be valid. But, based upon the foregoing rationale, the Court concludes that Courser and his counsel did not violate Rule 11.

Therefore,

**IT IS HEREBY ORDERED** that the House Defendants' Motion for Rule 11 Sanctions (ECF No. 92) is **DENIED**.

Dated: September 27, 2017                              /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                           UNITED STATES DISTRICT JUDGE