UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TODD COURSER,

        Plaintiff,

v.                                                        Case No.  1:16-CV-1108

KEITH ALLARD, et al.,                         HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER FOLLOWING LIMITED REMAND

On December 19, 2016, the Court entered an Order Regarding Voluntary Dismissal, which addressed the effect of the amended complaint and the voluntary dismissal that Plaintiff filed within minutes of each other. (ECF No. 127.) In particular, with respect to Defendant Krell, the Court said that because Defendant Krell had filed a motion to dismiss or, in the alternative, for summary judgment, Plaintiff's voluntary dismissal was not effective as to Defendant Krell. Further concluding that Plaintiff's voluntary dismissal must be deemed a motion for dismissal pursuant to Rule 41(a)(2) as to Defendant Krell, the Court determined that dismissal with prejudice of Plaintiff's claims against Defendant Krell was a proper condition of dismissal. Thereafter, Plaintiff appealed the December 19, 2016, Order regarding the dismissal of Defendant Krell.

By Order issued on December 19, 2017, the Sixth Circuit issued a limited remand to this Court to address why the December 19, 2016, Order failed to acknowledge that the amended complaint dropped Defendant Krell. According to the Sixth Circuit, Plaintiff thought that the Court simply overlooked that the amended complaint dropped Krell, while Krell argued that Plaintiff could only drop Krell pursuant to Rule 21 or Rule 41, not Rule 15(a)(1). (ECF No. 141 at PageID.4890.) The Sixth Circuit concluded that a limited remand for an explanation from this Court, rather than

speculation by the Sixth Circuit panel as to this Court's rationale, was the proper course of action. (*Id.* at 4891.) The Court also notes the Sixth Circuit said that the Order was unclear as to whether the dismissal with prejudice applied only to the Vincent Krell who was served and moved for dismissal/summary judgment, or "to any and all Vincent Krells." (*Id.* at PageID.4890 n.6.)

The short answer is that the Court simply failed to consider that the amended complaint dropped Defendant Krell, and it thus had no reason to consider whether an amendment as of right pursuant to Rule 15(a)(1): (1) is a proper means of dropping a party, *i.e.*, without an order; and (2) if so, is effective as against a party who has previously filed a motion for summary judgment. As to whether the dismissal was limited to the served Vincent Krell or as to all individuals named Vincent Krell, the Court clarifies the dismissal with prejudice was limited to the Vincent Krell who was served and moved for dismissal/summary judgment.

Although the Court has now answered the questions the Sixth Circuit raised in its December 19, 2017, Order, the Court believes that it will further the interests of effective appellate review if this Court answers the outstanding question in the first instance—whether Plaintiff's Rule 15(a)(1) amendment as of right was a procedurally valid means of dropping Defendant Krell. Because the briefing on this issue appears to be within the scope of the remand, the Court will order the parties to address the issue.

Therefore, within **fourteen (14) days** of the date of this Order, the parties shall file briefs addressing whether Plaintiff's Rule 15(a)(1) amendment as of right was effective to drop Defendant Krell.

**IT IS SO ORDERED**.

Dated: January 5, 2018        /s/ Gordon J. Quist
                              GORDON J. QUIST
                              UNITED STATES DISTRICT JUDGE