UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD COURSER,

       Plaintiff,

v.                                                  Case No. 1:16-CV-1108

KEITH ALLARD, et al.,                  HON. GORDON J. QUIST

       Defendants.
_____/

## MEMORANDUM REGARDING LEGAL ISSUE
## ON LIMITED REMAND

Pursuant to the Court's January 5, 2018, Order (ECF No. 142), the parties have filed briefs addressing whether Federal Rule of Civil Procedure 15(a)(1) provides a means for dropping or adding a party—in this case, dropping one or more of multiple defendants—or whether such a change may be effected only through Rule 21 and/or Rule 41 of the Federal Rules of Civil Procedure. The parties are familiar with the facts and the procedural background of this case, which was fully set forth in the Court's December 19, 2016, Order (ECF No. 127), as well as the Sixth Circuit's December 19, 2017, Order (ECF No. 141). However, for purposes of the Court's analysis herein, the salient facts are that: (1) Plaintiff, Todd Courser, filed a First Amended Complaint on December 12, 2016, that, among other things, dropped six Defendants, including Vincent Krell, who had previously filed a motion to dismiss pursuant to Rule 12(b)(6), or in the alternative, for summary judgment; and (2) minutes later, Courser filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF Nos. 121 and 123.) In its December 19, 2016, Order, the Court concluded that Courser's amendment was effective (that

is, timely) as to all answers and motions to dismiss and that Courser's notice of voluntary dismissal following his amendment effected dismissal without prejudice of the claims against all remaining Defendants except Defendant Krell. The Court reasoned that the claims against Krell were subject to dismissal with prejudice because Krell had filed a motion to dismiss, or in the alternative, for summary judgment. (ECF No. 127 at PageID.4587–88.) As the Court noted in its January 5, 2018, Order, however, the Court overlooked the fact that the amended complaint dropped Defendant Krell and, therefore, failed to consider that fact in its analysis.[1]

Three court rules are pertinent to the instant issue. First, Rule 15(a)(1), which deals with amendments of pleadings as of course, provides:

> A party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Second, Rule 21, which pertains to misjoinder and nonjoinder of parties, states in relevant part, "On motion or on its own, the court may at any time, on just terms, add or drop a party." The final rule is Rule 41, which pertains to dismissal of actions. In particular, Rule 41(a)(1)(A), which governs voluntary dismissals, permits a plaintiff to dismiss an action without a court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." If neither circumstance described in Rule 41(a)(1)(A) exists (the opposing party has filed an answer or a motion for summary judgment or fewer than all parties who have appeared stipulate to the dismissal), the plaintiff must proceed under Rule 41(a)(2), "by court order, on terms that the court considers proper."

---

[1] Although Courser has requested oral argument, the Court concludes that the issue—which is purely legal—is adequately briefed and oral argument is unnecessary.

Courser argues that, pursuant to the express language of Rule 15(a)(1), he had the absolute right to amend his complaint to add, drop, or augment his claims with factual allegations and to add or drop parties, so long as he filed his amended pleading within the allowed time. Krell argues that Rule 15 is not the proper vehicle for adding or dropping parties and that, instead, Courser was required to use Rule 21 or 41 to dismiss his claims against Krell. Krell further argues that even if a plaintiff may properly employ an amendment pursuant to Rule 15(a)(1) to add or drop a defendant, a plaintiff should not be permitted to use an amendment as of right to avoid the limitations of Rule 41(a)(1)(A).

Citing two cases from the Ninth Circuit and a smattering of district court cases, Krell argues that Rule 41(a)(1) is the proper vehicle for dismissal of all claims against a particular defendant, while Rule 15(a)'s scope is limited to eliminating one or more, but less than all, claims or issues against a defendant. (ECF No. 143 at PageID.4904 (citing, among others, *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687–88 (9th Cir. 2005) and *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988)).) Krell thus argues that if Courser sought to dismiss all claims against Krell, or any other Defendant for that matter, Courser was required to comply with Rule 21 or 41, rather than Rule 15.

Initially, the Court notes that Sixth Circuit law is not entirely clear on which rule governs the dismissal of a single defendant from a multi-defendant case. In *Philip Carey Manufacturing Co. v. Taylor*, 286 F.2d 782 (6th Cir. 1961), the court held that because Rule 21 refers to parties, while Rule 41 refers to dismissal of an action, a plaintiff who seeks to dismiss only one defendant should move to do so pursuant to Rule 21. *See id.* at 785. Subsequently, however, in *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262 (6th Cir. 2003), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Management, LLC*, 551 F.3d 633, 636 (6th Cir. 2008), the court observed that

3

"[t]he Sixth Circuit's interpretation of Rule 41 is unclear." *Id.* at 266. The *Letherer* court noted that in *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753 (6th Cir. 1974), the court affirmed the district court's Rule 41 dismissal of all claims against one of two defendants without discussing why the dismissal was proper under Rule 41.[2] *Id.*

As for whether Rule 15(a) is a proper vehicle for adding or dropping a party, the Court is aware of two Sixth Circuit cases—one published and one unpublished—that have addressed the issue. In *Becherer v. Merrill Lynch, Pierce, Fenner & Smith*, 43 F.3d 1054 (6th Cir. 1995), the court rejected as "specious" the plaintiffs' argument that Rule 15(a) allowed them to amend as a matter of course to add a new party because the new party had not yet filed a responsive pleading. After more than a year of litigation, the district court ordered the *Becherer* plaintiffs to amend their complaint as to certain claims. However, in addition to addressing the deficient claims, the plaintiffs' amended complaint added a new defendant. The Sixth Circuit held that the district court did not abuse its discretion in dismissing the newly added defendant for misjoinder because the plaintiffs failed to seek permission from the district court, "as is required under either Rules 15(a) or 21." *Id.* at 1069. The court said that the plaintiffs' novel interpretation of Rule 15(a) would allow a plaintiff to add a new party at any point in the litigation without leave of court. *Id.*

In *Broyles v. Correctional Medical Services, Inc.*, No. 08-1638, 2009 WL 3154241 (6th Cir. Jan. 23, 2009), the pro se prisoner plaintiff argued that the district court erred in striking his

---

[2] The view that Rule 21 governs dismissals of fewer than all defendants has been described as the minority position. *See Sheet Metal Workers' Nat'l Pension Fund Bd. of Trs. v. Courtad, Inc.*, No. 5:12-cv-2738, 2013 WL 3893556, at *4 n.1 (N.D. Ohio July 26, 2013). Moreover, the continuing validity of *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953)—the Second Circuit decision the Sixth Circuit cited in *Philip Carey Manufacturing Co.*—is questionable, at least to the extent of its conclusion that Rule 41(a) does not allow for dismissals of less than entire actions. In *Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109 (2d Cir. 1985), the Second Circuit noted that its decision in *Harvey Aluminum, Inc.* had been criticized and was "against the weight of authority." *Id.* at 114 n.4. A New York district court has observed that "[t]hough *Wakefield* did not expressly overrule *Harvey Aluminum*, district courts within the Second Circuit have since adopted the approach of the majority of courts in other circuits–that is, that Rule 41(a) does not require dismissal of the action in its entirety." *Blaize-Sampeur v. McDowell*, No. 05-CV-4275 (JFB)(ARL), 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007).

amended complaint, which added new defendants, pursuant to Rule 21, rather than permitting him to amend without leave under Rule 15(a), as no responsive pleadings had been filed at the time the plaintiff filed his amendment. The Sixth Circuit noted:

> This Circuit has not determined whether Rule 21 or Rule 15 controls the amendment of a pleading where the amendment seeks to add parties to the action. However, this Court has noted that Rule 15(a) gives plaintiffs an "absolute right" to amend a complaint before a responsive pleading is served, *Pertuso*, 233 F.3d at 421, and has emphasized that "Rule 15 plainly embodies a liberal amendment policy," *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Therefore, Rule 15(a) permits a plaintiff to file an amended complaint, without seeking leave from the court, at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course . . . before being served with a responsive pleading. . . ."). Accordingly we conclude that the district court abused its discretion in striking the amended complaint for failure to seek leave from the court.

*Id.* at 3.[3]

This Court reads *Becherer* and *Broyles* as establishing that Rule 15(a) is a proper vehicle for adding or dropping a party and that Rule 15(a)(1) provides a plaintiff an absolute right to amend his complaint to add or drop a party without leave of court, so long as the amendment is filed within the applicable 21-day period. Two judges in this district have cited *Broyles* as authorizing a plaintiff to amend without leave of court to add defendants, so long as the amendment is timely. *Jennings v. Bennett*, No. 1:17-CV-555, 2017 WL 3712176, at *14 (W.D. Mich. Aug. 29, 2017) ("Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, prior to 21 days after service of the complaint, Plaintiff is entitled to amend his complaint as a matter of course, even if he intends to add parties by way of his amendment."); *Wappler v. Kleinsmith*, No. 1:08-CV-595, 2009 WL 734675, at *1–2 (Mar. 12, 1999) (citing *Broyles* and rejecting the defendant's argument that the plaintiff's first

---

[3]*Broyles* predates the 2009 amendment to Rule 15(a), which added the 21-day limit for amending as of right.

5

amended complaint, which added 19 additional defendants, was improper because it failed to comply with Rule 21).

This Court also finds persuasive Judge Lawson's discussion of the issue in *Peguese v. PNC Bank, N.A.*, 306 F.R.D. 540 (E. D. Mich. 2015), in which he noted that the majority of circuits to consider the issue have concluded that Rule 15(a)(1) takes precedence over Rule 21 in allowing a plaintiff to amend as of right to add a new party. Judge Lawson observed that "Rule 15's command is clear: a plaintiff '*may* amend *its* pleading once as a matter of course.' (Emphasis added.). The choice is the plaintiff's, not the Court's, and certainly not the defendant's. The more specific terms of Rule 15 addressing amendments govern over the more general provisions of Rule 21." *Id.* at 546; *see also Huff v. Agco Corp.*, No. 5:17-CV-354-KKC, 2018 WL 2113195, at *3 (E.D. Ky. May 8, 2018 ) ("The Court agrees with the majority view; a party may amend its pleadings to add a party without leave of the court within the time allowed by Rule 15(a)(1).").

Although all of the foregoing cases involved a plaintiff adding a new defendant, the Court finds no reason why the same analysis would not apply to a plaintiff's decision to drop a defendant by amendment. After all, Rule 21 governs both adding and dropping a party. *See* 3 Moore's Federal Practice § 15.16[1] (3d ed. 2010) ("The better view . . . rejects the notion that a motion to amend is required to add or drop parties. The more persuasive cases hold that a party's right to amend as a matter of course, if accomplished within the deadlines set by Rule 15(a), extends to all amendments including amendments to drop or add parties.") (footnote omitted).

As for Krell's argument that a plaintiff cannot avoid the application of Rule 41 simply by amending as of right to drop a party, the Court disagrees. Rule 15(a)(1) grants a plaintiff the absolute right to amend, so long as certain requirements are met. Here, they were: Krell filed a motion to dismiss pursuant to Rule 12(b)(6), and Courser filed an amended complaint that dropped

Krell within 21 days after Krell served his motion.  Krell's reliance on cases applying 28 U.S.C. § 1447(e) when the plaintiff adds a defendant by an amendment as of right is, in this Court's judgment, misplaced.  Allowing a plaintiff to avoid the application of Rule 41(a) by exercising his right to amend under Rule 15(a)(1) might impinge on some interests addressed in Rule 41(a), but it is wholly different from the inquiry under § 1447(e), which goes directly to a court's subject matter jurisdiction.  *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016).

Therefore, the Court concludes that Courser's First Amended Complaint filed pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure was effective to drop Krell from the case.  Accordingly, had the Court recognized that Courser's First Amended Complaint dropped Krell as a Defendant, it would have concluded that Krell's motion to dismiss pursuant to Rule 12(b)(6), or in the alternative, for summary judgment was moot and that Courser's claims against Krell were no longer part of the case at the time Courser voluntarily dismissed the case.


Dated:  May 31, 2018                                             /s/ Gordon J. Quist
                                                                                GORDON J. QUIST
                                                                       UNITED STATES DISTRICT JUDGE